# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**MELISSA L. TURNER,**
**Claimant Below, Petitioner**

**FILED**
May 7, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 17-1103** (BOR Appeal No. 2052014)
                        (Claim No. 2015023155)

**KANAWHA COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Melissa L. Turner, by Patrick K. Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kanawha County Board of Education, by Steven K. Wellman, its attorney, filed a timely response.

The issue on appeal is the addition of tenosynovitis to the claim. The claims administrator denied the addition of the condition to the claim on September 3, 2015. The Office of Judges affirmed the decision in its May 24, 2017, Order. The Order was affirmed by the Board of Review on November 17, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Turner, a teacher's aide and cheerleading coach, was injured in the course of her employment on February 16, 2015, when she slipped and fell while walking into the school. The claim was held compensable for left wrist fracture and right knee contusion on March 9, 2015. A March 17, 2015, treatment note by Luis Bolano, M.D., indicates he diagnosed Gatekeeper's thumb or sprain of the metacarpophalangeal joint. He put Ms. Turner's left wrist in a short cast and replaced the cast with a splint on April 6, 2015. Ms. Turner underwent physical therapy from April 13, 2015, through August 3, 2015. A June 15, 2015, treatment note by Dr. Bolano indicates Ms. Turner had some improvement with physical therapy but had still not completely recovered. He recommended she continue therapy and work restrictions.

1

Paul Bachwitt, M.D., performed an independent medical evaluation on August 3, 2015, in which he noted that x-rays of the left wrist, hand, and fingers were unremarkable. He diagnosed left wrist/thumb sprain and left Gatekeeper's thumb. He found Ms. Turner had reached maximum medical improvement, needed no further treatment, and could return to full duty work. In an August 25, 2015, addendum, Dr. Bachwitt stated that he found no objective findings during his examination to support Ms. Turner's subjective complaints. He noted that her range of motion was too low to be credible and saw no reason she could not return to full duty work.

An August 27, 2015, treatment note by Dr. Bolano indicates Ms. Turner had normal range of motion in the left wrist as well as normal strength in the thumb and wrist. Dr. Bolano diagnosed Gatekeeper's thumb/sprain of the metacarpophalangeal joint and tenosynovitis of the hand and wrist.

Marsha Bailey, M.D., performed an independent medical evaluation on January 11, 2016, in which she diagnosed resolved right knee, left thumb, and left wrist contusions. She noted that Ms. Turner's subjective complaints far outweighed her objective findings. Dr. Bailey found that Ms. Turner's complaints could not be attributed solely to the compensable injury. Ms. Turner was found to be at maximum medical improvement and Dr. Bailey assessed 1% whole person impairment for the left thumb and index finger. Ms. Turner was then granted a 1% permanent partial disability award by the claims administrator.

In a May 9, 2016, medical statement, Dr. Bolano requested authorization for steroid injections of the left thumb joint and left wrist tendon. He stated that Ms. Turner's condition was causally related to her compensable injury and that the requited treatment was medically necessary due to ongoing symptoms.

Dr. Bachwitt performed a second independent medical evaluation on January 12, 2017. He diagnosed left wrist/thumb sprain and questionable Gatekeeper's thumb. He found no evidence of tenosynovitis and noted that the left thumb range of motion was much more limited than would be expected with Ms. Turner's injury. Dr. Bachwitt determined that Ms. Turner had reached maximum medical improvement and assessed 3% impairment.

On September 3, 2015, the claims administrator denied a request to add left wrist tenosynovitis as a compensable component of the claim. The Office of Judges affirmed the decision in its May 24, 2017, Order. It found that a preponderance of the evidence fails to show that tenosynovitis should be added to the claim. Dr. Bolano was found to be the only physician of record to make a diagnosis of tenosynovitis. Neither Dr. Bachwitt nor Dr. Bailey found evidence of tenosynovitis on their examinations. Further, the Office of Judges determined that Dr. Bolano failed to show a causal relationship between the condition and the compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on November 17, 2017.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Both Drs. Bailey and Bachwitt determined that Ms. Turner did

not have tenosynovitis. Dr. Bolano was the only physician of record to diagnose tenosynovitis and he failed to explain how the condition was causally connected to the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 7, 2018**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

3